## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JANET CRONIN                                                      PLAINTIFF

V.                        CASE NO. 1:11CV00059 BD

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                    DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Janet Cronin appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Disability Insurance benefits ("DIB") and Disabled Widow's Benefits ("DWB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act.  For reasons set out below, the decision of the Commissioner must be REVERSED and the case REMANDED to the Commissioner for further action.

I.     **Background**

On July 23, 2008, Ms. Cronin filed for DIB, DWB, and SSI, alleging disability beginning on January 1, 2003, due to arthritis in her back and hands.  (Tr. 147, 153)  At the administrative hearing, Ms. Cronin amended her alleged disability onset date to March 19, 2007.  (Tr. 59)  Her claims were denied initially and upon reconsideration.  At Ms. Cronin's request, an Administrative Law Judge ("ALJ") held a hearing on January

14, 2010, at which Ms. Cronin appeared with her lawyer.  (Tr. 26)  At the hearing, the

ALJ heard testimony from Ms. Cronin and a vocational expert ("VE").  (Tr.  26-59)

The ALJ issued a decision on May 3, 2010, finding that Ms. Cronin was not

disabled for purposes of the Act.  (Tr. 11-21)  On August 26, 2011, the Appeals Council

denied her request for review, making the ALJ's decision the Commissioner's final

decision.  (Tr. 1-3)

Ms. Cronin was fifty-two years old at the time of the hearing.  (Tr. 32)  She was

5'6" and weighed approximately 147 pounds and was a high school graduate.  (Tr. 33)

She was attempting to quit smoking cigarettes, but had smoked approximately one pack

per day for twenty-five years.  (Tr. 35, 38)

At the time of the hearing, Ms. Cronin worked about three-and-one-half hours a

day, five days a week, as a short-order cook.  (Tr. 35, 39)  She had been working part-

time for over three years.  (Tr. 35)  Ms. Cronin testified that she had to work to survive.

(Tr. 43)  In addition to her work as a short-order cook, Ms. Cronin previously had worked

as a bakery helper, cashier, and deli worker.  (Tr. 35-37, 51)

## II.   <u>Decision of the Administrative Law Judge</u>

The ALJ followed the five-step sequential analysis to determine: (1) whether the

claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a

severe impairment; (3) if so, whether the impairment (or combination of impairments)

met or equaled a listed impairment; (4) if not, whether the impairment (or combination of

impairments) prevented the claimant from performing past relevant work[1]; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

The ALJ found that Ms. Cronin had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 14)  And he found that Ms. Cronin had the following severe impairments: hypertension, chronic obstructive pulmonary disease ("COPD"), and osteoarthritis.  (Tr. 14-16)  The ALJ also found, however, that Ms. Cronin did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1526, 416.926).  (Tr. 16)

The ALJ determined that Ms. Cronin had the residual functional capacity ("RFC") to perform light work in a controlled environment, with no exposure to dust, fumes, or temperature extremes.[2]  (Tr. 16-20)  After considering VE testimony, the ALJ found that Ms. Cronin could perform her past relevant work as a cashier.  (Tr. 20)

---

[1] If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).

III.   <u>**Analysis**</u>

    A.   *Standard of Review*

In considering the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

    B.   *Plaintiff's Arguments for Reversal*

Ms. Cronin claims that the findings of the ALJ are not supported by substantial evidence because: (1) the ALJ failed to fully and fairly develop the record; (2) the ALJ erred in discrediting the opinion of Ms. Cronin's treating physician; and (3) the ALJ failed to consider Ms. Cronin's nonexertional limitations when evaluating her RFC.  (#9)

    C.   *Development of the Record*

It is the ALJ's duty to develop the record fully and fairly. *Snead v. Barnhart*, 360 F.3d 834, 836-37 (8th Cir. 2004).  And this duty is independent of the claimant's burden

to press his or her case.  *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (citation

omitted).  A duty to develop additional evidence arises when medical source evidence is

inadequate to determine disability.  20 C.F.R. §§ 404.1512(e), 416.912(e).

A claimant seeking to show that the record was inadequately developed by the ALJ

must show, "both a failure to develop necessary evidence and unfairness or prejudice

from that failure."  *Combs v. Astrue*, 243 Fed. Appx. 200, 204 (8th Cir. 2007) (citing

*Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001)).  "[R]eversal due to failure to

develop the record is only warranted where such failure is unfair or prejudicial."

*Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

The transcript in this case contains a very limited medical record.  (Tr. 197-199,

202-215, 218-254)  Ms. Cronin's treating physician, Tim Young, M.D., provided a

medical source statement.  (Tr. 255)

Ms. Cronin argues that the ALJ should have ordered a spirometry test to assess her

COPD.  As far as the record shows, she did not request a spirometry test prior to this

filing.  It is not clear what, if any, useful information a spirometry test would have

provided.  What appears clear, however, is that neither Ms. Cronin nor her representative

sought a spirometry test during the administrative process, which indicates that it would

not benefit her cause.  See *Shannon*, 54 F.3d at 488 (the fact that claimant's counsel did

not obtain, or as far as the record shows, try to obtain, the items claimant complains were

not part of the record suggests that the items had only minor importance).

Ms. Cronin argues that with the results of a spirometry test, she might have met the Impairment Listing requirements for a respiratory system disability.  A claimant has the burden of proving that an impairment, or combination of impairments, meets or equals a Listing.  *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).  Her argument that a spirometry test might have helped her cause falls short.  Reversal due to failure to develop the record is warranted only where the alleged failure is unfair or prejudicial.  *Shannon*, 54 F.3d at 488.  Here, Ms. Cronin has failed to show any prejudice or unfairness from the ALJ's alleged failure to specifically order a spirometry test.

However, despite the limited medical record, the ALJ did not order any consultative examinations or objective testing at all.  As explained below, the lack of any consultative examinations or reviewing physician assessments is problematic.

D.      *Treating Physician's Opinion*

Ms. Cronin argues next that the ALJ erred in discrediting her treating physician's opinion.  Her treating physician, Dr. Young, provided a medical source statement, which the ALJ largely discredited.  (Tr. 19-20, 255)

Dr. Young opined that Ms. Cronin could occasionally lift a maximum of ten pounds and stand and walk a total of four hours in an eight-hour day.  (Tr. 255)  Ms. Cronin would require frequent rest periods, longer than normal breaks, and an option to sit or stand at will, according to Dr. Young.  (Tr. 255)  Any one of these limitations would prevent Ms. Cronin from performing her light exertional, past relevant work as a cashier.

(Tr. 52-53)  Dr. Young also believed that Ms. Cronin would miss more than three days of work a month due to her impairments.  (Tr. 255)  This limitation, too, would prevent Ms. Cronin from performing any employment available in significant numbers.  (Tr. 54)

The ALJ discredited Dr. Young's opinion.  (Tr. 19-20)  But this decision was not supported by substantial evidence.  It was legally and factually flawed; and it was material to the disability determination.

If a treating source's opinion is well-supported by acceptable medical evidence and is consistent with the other substantial evidence in the record, the opinion is generally entitled to controlling weight.  20 C.F.R. §§ 404.1527, 416.927.  The ALJ noted the lack of objective medical tests to support Dr. Young's opinion.  (Tr. 19)  By using the lack of medical tests to discredit Dr. Young's opinion, however, the ALJ failed to consider Ms. Cronin's financial situation.  See *Tate v. Apfel*, 167 F.3d 1191, 1197 (8th Cir. 1999) (citing *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992) (lack of medical treatment due to financial hardship may be taken into consideration when determining disability). Ms. Cronin had been seeing Dr. Young for twenty years.  (Tr. 47)  Due to a lack of insurance or money, Ms. Cronin saw Dr. Young as infrequently as possible, sometimes only once or twice a year.  (Tr. 46-47)  She paid monthly for those few visits.  (Tr. 46) Ms. Cronin testified that she could not afford the objective testing the ALJ noted was absent from the record.  (Tr. 46, 48)

The ALJ noted that Dr. Young never ordered objective testing.  (Tr. 19)  But instead of ordering tests, or ordering a consulting examination by another physician, the ALJ simply relied on the lack of testing to deny benefits.

The ALJ also noted that there were inconsistences in the record.  (Tr. 19)  An ALJ may certainly grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record.  *Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000).  But here, virtually all of the medical evidence came from Dr. Young.  To discount his opinion, the ALJ would have to find that Dr. Young's opinion conflicted with his own treatment records.  If that were the situation, the ALJ should have contacted Dr. Young to resolve the conflict.  He did not.  See  *Goff v. Barnhart,* 421 F.3d 785, 791 (8th Cir. 2005) (citing 20 C.F.R. §§ 404.1512(e), 416.912(e) (contacting a treating physician is necessary if the doctor's records are inadequate to determine disability, such as when a medical source report contains a conflict or ambiguity that must be resolved).

This is not a case where the ALJ credited one physician's opinion over that of another, or where the ALJ relied on better supported reviewing or consulting physicians' opinions.  There are no consulting-physician reports in the record.  There is not even a reviewing physician's residual functional capacity checklist.  As a result of the limited development of the record and because the of ALJ's decision to discredit Dr. Young's opinions, the RFC assessment is not supported by medical evidence.  See *Wildman v.*

*Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (citations omitted) (claimant's residual functional capacity is a medical question, and at least some medical evidence must support the ALJ's RFC determination).

The ALJ apparently discredited Dr. Young's opinion, at least in part, because Ms. Cronin performed part-time work.[3]  (Tr. 19)  The ALJ found that Ms. Cronin's part-time work exceeded the limitations imposed by Dr. Young.  (Tr. 19)  Aside from Dr. Young's opinion regarding absenteeism from work, however, this finding is directly contrary to the record.

Ms. Cronin worked three-and-one-half hours per day, five days a week.  (Tr. 39)  She would lift objects weighing no more than ten pounds.  (Tr. 42, 164)  Other employees in the kitchen would lift heavier objects.  (Tr. 42)  Ms. Cronin could stand for four hours, with breaks, which she was allowed to take at work.  (Tr. 42)  Ms. Cronin's employer corroborated her testimony.  (Tr. 200)  Dr. Young believed Ms. Cronin could lift no more than ten pounds.  (Tr. 255)  He also thought she could stand and walk for about four hours a day, but with longer than normal breaks.  (Tr. 255)  Ms. Cronin's description of her part-time work did not exceed the limitations imposed by Dr. Young.  The ALJ's decision to discredit Dr. Young's opinion was not supported by the record.  And this decision materially impacted the RFC determination.

---

[3]  Ms. Cronin testified that she performed this work to survive.  (Tr. 43)

9

E.    *Residual Functional Capacity*

The ALJ bears "the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Wildman*, 596 F.3d at 969.  But at least some medical evidence must support the ALJ's RFC determination. *Id*.  As noted, the transcript in this case contains a very limited medical record.  Despite finding Ms. Cronin suffered from several severe impairments, the ALJ rejected the only medical source opinion in the record, then failed to develop additional medical evidence.  As a result, the RFC assessment is not supported by substantial medical evidence.

If the ALJ had credited Dr. Young's opinion, the inescapable conclusion would have been that Ms. Cronin did not have the RFC to perform her light-exertional past relevant work.  Even if Ms. Cronin were capable of performing light work, absent the ability to perform her past relevant work, Medical Vocational Guideline 201.12 would direct a finding of "disabled."

IV.   <u>Conclusion</u>

After considering the record as a whole, the Court concludes the decision of the Commissioner is not supported by substantial evidence.  The Commissioner's decision is reversed and this case is remanded for action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 6th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE